[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Great Meadow Associates Limited Partnership (Great Meadow), appeals the decision of the Rocky Hill board of assessment appeals sustaining the valuation placed upon Great Meadow's property at 1800 Silas Deane Highway by the assessor. The assessor determined that the subject property, as of the revaluation date of October 1, 1999, had a fair market value of $7,191,157. Great Meadow appeals the assessor's determination of fair market value as of the revaluation date and on the grand lists of October 1, 2000 and 2001.
The subject property consists of a five story building containing a 139 unit apartment complex with commercial offices and a one story building used as a day care center. The buildings sit on 8.06 acres of land located in an R-15 residential zone. The highest and best use of the subject property is its present use.
The only evidence of the fair market value of the property as of October 1, 1999 was presented through the testimony of the town's appraiser, Robert J. Flanagan. Flanagan was of the opinion that the fair market value of the subject property as of the date of the last revaluation was $7,312,000. Flanagan relied primarily upon the income approach to value by developing market rental data of apartments, offices and day care uses to arrive at an effective gross income of $1,579,147. Flanagan determined that the total operating expenses of the subject, before real estate taxes, was $701,703, leaving a net operating income of $877,444. Flanagan next developed a capitalization rate for the subject income producing property of 11.876% rounded to 12%. This capitalization rate include an effective tax rate of 1.876%. With a net operating income of $877,444 divided by an overall capitalization rate of 12%, using the direct capitalization approach, Flanagan arrived at an approximate fair market value of the subject, as of October 1, 1999, of $7,312,000. Flanagan's determination of the fair market value of the subject property exceeds the fair market value placed by the assessor on the subject property. CT Page 12437
The taxpayer has the initial burden of establishing the its tax assessment was excessive. Ireland v. Town of Wethersfield, 242 Conn. 550,557, 698 A.2d 888 (1997). Where the taxpayer has failed to meet this burden, we may enter judgment for the town on this basis alone. Id., 557-58.
In this case, the plaintiff has failed to carry its burden of establishing that the tax assessment placed upon the plaintiffs property was excessive. At the trial, with counsel for both parties present, this court granted the town's motion to preclude the expert testimony the plaintiff sought to present. Accordingly, the only evidence presented to us was the credible opinion of Flanagan, which supported the assessor's determination of the value of the subject property.
Accordingly, judgment may enter in favor of the defendant town of Rocky Hill. The plaintiffs appeal is dismissed, without costs to either party.
Arnold W. Aronson Judge Trial Referee CT Page 12438